IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:  ESTEBAN A. AGUILAR, SR., ESQ., | Bankr. No. 7-08-13642-SA |
| | Adv. No. 11-01212 S Ch. 7 |
| Debtor. | |

GARY J. LYON, and
JEANNE G. LYON,

      Plaintiffs/Appellants,

v.                                                                              CIV 12-0348 MV/KBM

ESTEBAN A. AGUILAR SR., ESQ.,

      Defendant/Appellee.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      This case involves Appellants' most recent attempt to continue pursuing claims that have been repeatedly rejected. The Court need not repeat that history, as it is set forth in several comprehensive opinions, including opinions from this District that the Tenth Circuit recently incorporated by reference. *See Lyon v. Aguilar,* 412 F. App'x 160, 161 (10th Cir.), *cert. denied,* 132 S. Ct. 107 (2011); *see also Lyon et al. v. Aguilar et al.,* CIV 08-1114 LFG/DJS (Docs. 111, 112, 113, filed 7/27/10). Bankruptcy Judge Starzynski's decisions on reopening and reconsideration, filed in the bankruptcy matter just prior to the initiation of the instant civil suit, are equally thorough. *See Lyon et al. v. Aguilar,* Adversary Proceeding 11-1212-s (Docs. 15, 16, filed 3/13/12); *see also Doc. 10* at 20-42, 44-45 (Judge Starzynksi's decisions). To briefly summarize the federal proceedings, Appellants forewent pursuit of relief in the first adversary

proceeding they initiated, lost in this Court, lost on appeal, the Supreme Court denied certiorari, and the Bankruptcy Judge Starzynski dismissed a second adversary proceeding and refused to reopen it. Appellants now ask this Court to certify the latest bankruptcy decision under 28 U.S.C. § 158(d)(2)(B) so that they can "appeal" Judge Starzynski's denial "to the U.S. Supreme Court." *Doc. 12* at 14.

Appellants misconstrue the statute. Most fundamentally, though it governs appeals, it does not govern appeals to the Supreme Court of the United States. It defines the instances in which the District Courts or the Bankruptcy Appellate Panels ("BAP") have jurisdiction to hear appeals. *See* 28 U.S.C. §§ 158(a)-(c). In addition, the subsection Appellants rely upon, governs interlocutory appeals to the Courts of Appeals, where the bankruptcy court, district court, or BAP certifies certain situations are present. If the Court of Appeals agrees and authorizes an appeal, the underlying actions are not stayed unless the Court of Appeals orders otherwise. This matter was filed as a appeal from Judge Starzynski's final decision, and when Appellee Aguilar elected to have the Court hear it, the bankruptcy appellate panel transferred the action to this Court. *See Lyon et al. v. Aguilar,* Adversary Proceeding 11-1212-s (Docs. 22, 27).

Furthermore, Appellants' grounds for relief are internally contradictory. They claim Judge Starzynski should have considered their second adversary proceeding timely based on fraudulent concealment in some five state court actions dating back a decade. Appellants discuss the state litigation and state appeals in detail in their complaint in the second adversary proceeding. The most recent appeal ended four years ago. *See, e.g., Doc. 8* at 6-29; *see also, e.g., Pelton v. Lyon et al.,* D-202-CV-200208306 (proceedings initiated in 2002 with Judge Linda Vanzi as presiding judge at end of proceedings in 2007); *Lyon et al. v. Title Resources*

*Guarantee Co.,* D-202-CV-200401614 (proceedings initiated in 2004 before Judge Theodore Baca and ending in 2008).

They then assert that because he had no authority under the *Rooker-Feldman* doctrine to disturb those state court decisions where Appellants lost, Judge Starzynski's decision is "in conflict" and qualifies for certification under § 158. *See Doc. 12* at 10-11 ("The conflict is that the bankruptcy court has chosen to . . . not consider the fraudulent concealment related causes of action as New Mexico state-court causes of action"); i*d.* at 11 ("The conflict is that . . . Appellants' fraud on the court issues are related to state court actions described in the Second Adversary Complaint"); i*d.* at 12-13 ("If the state court issues are such that the bankruptcy court does not have authority to deal with the Second Adversary Complaint, then Appellants ask the court to rule that the *Rooker-Feldman* Doctrine applies in this proceeding and certify that the Appellants be allowed to pursue this appeal by a Petition for Writ of Certiorari to the U.S. Supreme Court according to 28 U.S.C. §1257.").

Appellants are confusing the *Rooker-Feldman* doctrine with the res judicata and timeliness principles that underlie the bankruptcy judge's decision. The Court is in full agreement with the reasoning and result set forth in Judge Starzynski's thoughtful and thorough decision. While this action was initiated as an appeal of that decision, Appellants posit no other grounds for relief other than those raised in their motion to certify. *See Doc. 14* (reply). Thus, the Court finds no reason to order further briefing on the merits of the appeal.

Wherefore,

**IT IS HEREBY RECOMMENDED** that for the above reasons, and the reasons stated by Appellees in their response, *see Doc. 13* at 6-8 (and decisions referenced therein), the Court should deny the request for certification and dismiss this action with prejudice.

**The parties are further notified that within 14 days of service of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE