# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**In re: ESTEBAN A. AGUILAR, SR., ESQ.**,   Bankr. No. 7-08-13642-SA
                                            Adv. No. 11-01212 S Ch. 7
       Debtor.

**GARY J. LYON, and**
**JEANNE G. LYON**,

       Plaintiffs/Appellants,

v.                                          CIV 12-0348 MV/KBM

**ESTEBAN A. AGUILAR SR., ESQ.**,

       Defendant/Appellee.

## MEMORANDUM OPINION AND ORDER DISMISSING APPEAL

THIS MATTER comes before me on Gary J. and Jeanne G. Lyons' appeal from the Bankruptcy Court's March 13, 2012 Order denying their motion for reconsideration of the Bankruptcy Court's final Order dismissing their Second Adversary Complaint filed in Esteban A. Aguilar Sr.'s bankruptcy case. *See* Doc. 1 at 20 (Plaintiffs' Notice of Appeal); Doc. 1 at 22-47 (Bankruptcy Court's March 13, 2012 Order and Memorandum Opinion Regarding Plaintiffs' Motion for Reconsideration); Doc. 45 (Plaintiffs' Brief-In-Chief). The Court will also address the Defendants' *Motion for Attorneys' Fees and Costs*, filed April 18, 2013 (Doc. 48), and the Plaintiffs' Motion Requesting the Court Rule that Appellee's Motion for Attorney Fees and Costs was not Timely or Proper, filed April 18, 2013 (Doc. 49). The Plaintiffs' Appeal was transferred to this Court from the Bankruptcy Appellate Panel on April 5, 2012. *See* Doc. 1 at 1, 3. I have reviewed the Bankruptcy Court's legal determination de novo. *See In re Branding Iron Motel*, 798 F.2d 396, 399-400 (10th Cir. 1986) ("It is appropriate for the district court to review de novo the bankruptcy

court's legal determinations"). I will deny and dismiss the appeal, deny the request for attorneys' fees and the Lyons' motion to find that it was not timely filed, and impose narrow filing restrictions.

## I. UNDISPUTED BACKGROUND FACTS AND PROCEEDINGS.

Esteban Aguilar, Sr., who is the debtor in the bankruptcy case related to this adversary proceeding, is an attorney who formerly represented the Plaintiffs in state court between 2004 and 2006 in both a malpractice action against their former attorney (Mr. Pelton) and in a breach-of-contract/bad-faith action against a title-insurance company (Title Resources Guarantee Co.) ("TRG"). Mr. Aguilar brought these two actions on the Lyons' behalf in the state district court. The Lyons contend that, after Aguilar withdrew from the two cases as their counsel, he improperly interfered with the Lyons' efforts to recover in those cases, and that he later took adverse positions to the Lyons in three other state-court cases. *See* Doc. 45 at 11. About a month before the Lyons, proceeding pro-se, filed a federal diversity action against Aguilar and his law firm in this Court in 2008 alleging several state-law claims, including breach of contract, negligent misrepresentation, malpractice/professional negligence, constructive fraud, breach of fiduciary relationship, negligent infliction of emotional distress, breach of the New Mexico Unfair Practices Act, intentional infliction of emotional distress, and unjust enrichment, *see Lyon v. Aguilar*, No. 08cv1114 LFG/DJS, Doc. 1 (D.N.M. Nov. 24, 2008) (found in the ROA at Doc. 31, pp. 13-53), Aguilar filed for bankruptcy. Aguilar's bankruptcy action was converted to Chapter 7 on November 21, 2008, and the deadline for third parties to file adversarial complaints objecting to his discharge or dischargeability was March 10, 2009. *See Lyon v. Aguilar,* No. 7-08-13642 SA*,* Adv. P. 11-1212-s, Doc. 15 at 2 (D.N.M. Bankr. Mar. 13, 2012) (found in the ROA at Doc. 1, p. 27). Because of the automatic stay, the presiding judge in 08cv1114 statistically closed the federal-district-court case on December 11, 2008. *See id.* at 3. The Plaintiffs, again appearing pro se, proceeded to file, on

February 2, 2009, a timely adversary proceeding, No. 09-1013, against both Aguilar and the Aguilar Law Offices, P.C. (which had also filed for bankruptcy in a separate bankruptcy proceeding), seeking a declaration that their malpractice and breach-of-contract claims were nondischargeable under sections 523(a)(2), (a)(4) and (a)(6) of the Bankruptcy Code. *See id.* The adversary proceeding apparently was improperly brought against both debtors, however, and the Bankruptcy Court instructed Plaintiffs that they had to file "separate adversary proceedings against each debtor." ROA Doc. 28 at 87. On April 30, 2009 the Bankruptcy Court filed a stipulated order in Aguilar's bankruptcy case granting relief from the automatic stay to allow the Lyons' federal lawsuit against Aguilar and the law firm to proceed. *See Lyon,* No. 7-08-13642 SA, Adv. P. 11-1212-s, Doc. 15 at 4 n.1. On May 11, 2009, for a reason that is not stated in the record, the Plaintiffs filed an amended adversary complaint in **only** the Aguilar Law Office's bankruptcy case, naming **only** the Aguilar Law Office as a defendant. *See id.* at 4 (Doc. 10 at 23 in the ROA). On June 18, 2009, Plaintiffs filed a Motion to Dismiss this Adversary Proceeding without prejudice, which was granted by stipulated order. *See id.* at 5 (Doc. 10 at 24). Aguilar was discharged from bankruptcy on October 19, 2009, and his bankruptcy case was closed. *See In Re Aguilar*, No. 08-13642-s7, Doc. 53 (D.N.M. Bankr. Oct. 9, 2009). The Aguilar Law Firm was similarly discharged from bankruptcy and its case was closed on October 23, 2009.

Plaintiffs proceeded to litigate their state-law claims against both Aguilar and the Aguilar Law Office in the federal district-court case. On February 1, 2010, during discovery, the Defendants produced for the first time a July 13, 2006 research memorandum, written for Aguilar, regarding the underlying litigation against Pelton and TRG. According to the Plaintiffs, this was a memo on "relation back of amended complaint and continuous representation." ROA Doc. 26 at 17, ¶ 55. The Plaintiffs argue that this memo demonstrates that Aguilar fraudulently concealed from **them**

information in July 2006 – that his advice given in emails to them regarding whether the statute of limitations for filing a complaint was tolled by the doctrine of continuous representation, was contradicted by his own research, *see id.* at 16-19 – that gives rise to yet another, new, state-law claim – fraud by concealment. *See* Doc. 45 at 1-12. But the Plaintiffs never sought to amend their federal complaint to add this claim against Aguilar and his law firm, despite the fact that the Court had extended any unexpired pre-trial deadlines to the middle of June, 2010. *See* No. 08cv1114, Doc. 94 (D.N.M. Mar. 15, 2010).

In a series of three Memorandum Opinions and Orders filed on the same day, this Court granted summary judgment in favor of the Defendants and against the Plaintiffs on all of the Plaintiffs' claims against the Defendants. *See* No. 08cv1114, Doc. 111 (dismissing with prejudice all claims not covered by Defendants' professional liability insurance policy); Doc. 112 (granting summary judgment in favor of Defendants for malpractice and breach of fiduciary duty in handling of claims Against TRG); Doc. 113 (granting summary judgment in favor of Defendants for malpractice and breach of fiduciary duty in the Defendants' handling of claims against Pelton) (D.N.M. July 27, 2010).

In the first Order, the Court explained the effect of the Lyons' decisions to withdraw their first adversary complaint filed against Aguilar in the bankruptcy proceedings:

> The premise of Lyons' Adversary Proceeding was to obtain a ruling from the Bankruptcy Court to the effect that their claims and the potential recovery from Aguilars were nondischargeable. The Prayer for Relief in the original complaint in that proceeding makes clear that, as an alternative to such a ruling, Lyons wanted the Bankruptcy Court to permit them to proceed with this lawsuit for recovery of damages up to the limits of the insurance coverage. [Doc. 1, Adversary Proceeding, at 27]. The Lyons obtained the alternative relief requested and thereafter withdrew their complaint and sought voluntary dismissal of the Adversary Proceeding. **In doing so, they relinquished their opportunity to have the Bankruptcy Court rule on dischargeability, and the effect of their voluntary dismissal of the Adversary Proceedings amounts to a withdrawal of any objection to the dischargeability of debts owed to them.**

>   In addition, even before they sought voluntary dismissal of the entire proceeding, Lyons had filed an amended complaint in the Adversary Proceeding in which they named only ALO as a defendant, thus abandoning any request for a ruling on nondischargeability as to the individual, Aguilar. [Doc. 20, Adversary Proceeding]. Fed. R. Bankr. P. Rule 7015; FED. R. CIV. P. Rule 15; Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (properly filed amended complaint supersedes the original complaint). Lyons never filed a separate adversary proceeding against Aguilar individually.
>
>   **It is unclear why Lyons believed it to be in their interest to abandon their challenge to dischargeability, but it is now abundantly clear that with no adversary proceedings remaining against either Aguilar or ALO by Lyons, and, therefore, no remaining objections as to dischargeability, the Bankruptcy Court discharged Aguilar's debts, including debts to the Lyons arising from any claim or cause of action for which a policy of insurance was not available.**
>
>   Lyons now argue that their dismissal of adversary proceedings was "without prejudice," and, therefore, the proceedings could yet again be reopened. Lyons' argument misses the mark. It is now too late to file adversary proceedings, as such proceedings would now be time-barred. Thus, the nomenclature "without prejudice" preserves no right as all claims are time-barred, and by operation of law, the dismissal "without prejudice" metamorphosed into a dismissal with prejudice. Aguilar has been discharged, and Final Decrees have been entered. Thus, the Lyons may not undo their dismissal. The adversary proceedings ship has sailed.

No. 08cv1114, Doc. 111 at 10-11 (bolding added) (also included in ROA at Doc. 26, pp. 85-86).

The Tenth Circuit Court of Appeals affirmed this Court on all points, holding that all of Plaintiffs' claims "that were not covered by [Defendants'] insurance policy were discharged in their bankruptcy proceedings." *Lyon v. Aguilar*, No. 10–2192, 412 Fed. App'x 160, 164, 2011 WL 488749, **4 (10th Cir. Feb. 11, 2011) (also included in ROA at Doc. 26, p. 140). The Tenth Circuit noted that

>   By dismissing their [first adversary] complaint, plaintiffs relinquished their opportunity to have the bankruptcy court rule on the dischargeability of their claims against defendants. Both defendants have received a discharge of their debts in their respective bankruptcy proceedings, which includes any debts to plaintiffs arising from any claim for which a policy of insurance was not available. Under the bankruptcy code, a discharge in bankruptcy voids any judgment on a debt that has been discharged, and operates as an injunction against the commencement or continuation of any action to collect or recover or offset any debt that has been discharged. *See* 11 U.S.C. § 524(a). As the district court aptly concluded: "If

> [plaintiffs] intended to assert that their causes of action ... were non-dischargeable, they could have continued with [their] Adversary Proceedings and obtained a ruling from the Bankruptcy Court on that issue.  They chose not to do so, and it is now too late." R. Vol. 2 at 230.  Because any claims against defendants that were not covered by their insurance policy were discharged in their bankruptcy proceedings, the district court properly granted summary judgment on those claims.

*Id.*  The Tenth Circuit held that this Court properly granted summary judgment in favor of Defendants on Plaintiffs' claims for malpractice and breach of fiduciary duty because they "failed to proffer expert testimony on causation, an essential element of their claims" when their "expert did not give an opinion as to how any of the listed acts of negligence or breaches of fiduciary duty were the proximate cause of plaintiffs' lack of success in the TRG or Pelton litigation." *Id.* at 165, 2011 WL 488749 at **4.  The Supreme Court denied the Plaintiffs' petition for a writ of certiorari. *See Lyons v. Aguilar*, NO. 10-1437, 132 S. Ct. 107, 181 L. Ed. 2d 33 (Oct. 3, 2011).

Thereafter, notwithstanding this Court's ruling, affirmed by the Tenth Circuit, that Aguilar's discharge in bankruptcy, coupled with the Lyons' unexplained failure to continue the adversary proceeding against him, "operates as an injunction against the commencement or continuation of any action to collect or recover or offset any debt that has been discharged," *Lyon*, 412 Fed. App'x at 164, 2011 WL 488749, **4,  in December 2011 the Plaintiffs filed a **second** adversary proceeding in Aguilar's closed bankruptcy proceedings, again suing Aguilar for wrongful acts occurring between 2004 and 2006 and also seeking to bring a new state-law claim for breach of fiduciary duty based on fraud by concealment.  *See* ROA Doc. 26 at pp. 6-38.  Aguilar filed a motion to dismiss, contending that the federal-district-court case precluded the filing of the new adversary proceeding, and that the Bankruptcy Court "lacks subject matter jurisdiction . . . because [the second  adversary complaint] is untimely under Rule 4007(c)," and requesting an injunction "enjoining Plaintiffs from further filings against Aguilar, his law firm or his family members, related to the same subject matter."  ROA Doc. 26 at 59.  In response, Plaintiffs argued that the second adversary complaint is

different from the complaint filed in federal court in 2008 because it concerns Plaintiffs' lack of knowledge of Aguilar's concealment of the 2006 memo establishing that Aguilar knew he was raising an invalid claim barred by a statute of limitations in the complaint he prepared for the Lyons. *See* ROA Doc. 26 at 146-47 (Plaintiffs' response to Aguilar's motion to dismiss on the basis of res judicata and lack of subject-matter jurisdiction). The Lyons also contended that the deadline for filing the adversary proceeding should be tolled because they did not discover the fraud until after the discharge in bankruptcy. *See* ROA Doc. 26 at 147-48. The Bankruptcy Court, Judge James Starzynski presiding, dismissed the Second Adversary Proceeding and Complaint, rejecting Plaintiffs' argument that Plaintiffs' lack of knowledge about the July 13, 2006 memo extended the time for them to contest Aguilar's dischargeability. *See* ROA Doc. 26 at 164-168 (February 9, 2012 Order dismissing second adversary complaint). Judge Starzynski also denied reconsideration of his decision. *See* No. 11-01212-s Doc. 15 at 11-16 (Bankr. D.N.M. Mar. 13, 2012), found in ROA at Doc. 1, pp. 25-46). Judge Starzynski more fully explained in his denial of the motion for reconsideration that, although a statute of limitations may, in some circumstances be tolled by fraudulent concealment, that doctrine does not apply to statutes of repose. *See* Doc. 1 at 35-40. Judge Starzynski explained,

> Bankruptcy Rule 4007(c) is a statute of repose. It states that complaints under sections 523(a)(2), (a)(4) and (a)(6) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." This deadline has nothing to do with when a creditor's claim accrued or was discovered. It is a date set as a function of the date the debtor filed the bankruptcy. *See Schunck v. Santos (In re Santos)*, 112 B.R. 1001, 1006 (9th Cir. BAP 1990) (Rule 4007)(C) starts the running of a time to file that is not dependant on the discovery or accrual of the cause of action. Tolling does not apply.) *Compare Cadle Co. v. Andersen (In re Andersen)*, 2011 WL 5835099 (Bankr. D. Mass. 2011):
>
>> The conclusion that equitable tolling is inapplicable to both §§ 727(e)(1) and (e)(2) is further supported by the notion that Bankruptcy Code provisions should be interpreted based upon their "plain meaning." *See United States v. Ron Pair Enters., Inc.*, 489

> U.S. 235, 242, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' ") (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S. Ct. 3245, 73 L. Ed.2d 973 (1982)). Section 727(e)(1) clearly states that a § 727(d)(1) action may be brought within one year after a debtor is granted a discharge, while § 727(e)(2) unambiguously limits the commencement of a § 727(d)(2) action to the same period, or the date the case is closed, whichever occurs later. Although words are subject to nuance, the meaning of this language appears clear: § 727(d)(1) and § 727(d)(2) actions must be brought within specific time periods. The use of equitable tolling in the context of either §§ 727(e)(1) or (e)(2) would eviscerate the plain meaning of such language.
>
> Moreover, Fed. R. Bankr. P. 9006(b)(3) provides: "The court may enlarge the time for taking action under Rules ..., 4007(c), ..., only to the extent and under the conditions stated in those rules." Rule 4007(c) has a provision for enlargement of time: "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." In summary, the Court concludes that Plaintiffs' claims were not equitably tolled. Therefore, even assuming (though the Court is not deciding) that Defendant had fraudulently withheld information, Plaintiffs did not obtain an extension of time to file their second adversary after March 10, 2009.

No. 11-01212-s, Doc 15 at 15-16 (Doc. 1 at 39-40.). Judge Starzynski also noted that Plaintiffs' second adversary proceeding does "not specify what fraudulent conduct [against the court] occurred here," and assumed "that Plaintiffs argue that the first [adversary] case was terminated fraudulently." *Id.* at 17 (Doc. 1 at 41). Judge Starzynski found that no allegations indicated any fraud upon the court.

Finally, Judge Starzynski noted that Plaintiffs' claims were also barred by res judicata and/or collateral estoppel because the federal district court granted summary judgment in favor of the Defendants and dismissed all of their state-law claims; the Tenth Circuit Court of Appeals affirmed; and the Supreme Court denied certiorari. *See id.* at 20-21 (Doc. 1 at 44-45). Judge Starzynski noted

that Plaintiffs should have brought their fraud-by-concealment claim based on the July 2006 Memorandum in the district-court case, and "it is too late to use it now." *Id.* at 21 (Doc. 1 at 44).

## II. ANALYSIS

### A. The Bankruptcy Court properly dismissed the Second Adversary Proceeding.

The Lyons appeal from the Bankruptcy Court's Memorandum Opinion and Order filed March 13, 2012. *See* Doc. 1 at 20. Their issue on appeal is: whether the Bankruptcy Court erred in dismissing their December, 2011 Complaint. *See* Doc. 45 at 1. They state,

> because of the Bankruptcy Court's acknowledgement that it did not have jurisdictional authority, because of the complaint's state court issues, it also did not have the required authority to rule on preclusion and "fraud on the court" issues and, as a result these issues should only be before this Court on the jurisdiction issue.

*Id.* at 2-3. They contend that, under the *Rooker-Feldman* doctrine, Judge Starzynski was required to dismiss the Lyon's December 2011 adversary proceeding without prejudice because he lacked subject-matter jurisdiction over the case. The Lyons' arguments on appeal are difficult to understand in part because they misconstrue the basis of Judge Starzynski's March 13 Order and in part because they do not understand how the *Rooker-Feldman* doctrine operates. Judge Starzynski never concluded that he lacked jurisdictional authority to make any rulings in the case. As noted above, he concluded that the Lyons' claims were barred by res judicata because of the result of the federal-district-court malpractice suit against Aguilar, and also that any new claim for fraudulent concealment was brought too late in the bankruptcy proceedings under the applicable statute of repose, which could not be equitably tolled.

In support of their contention that the *Rooker-Feldman* doctrine applies to foreclose the Bankruptcy Court's subject-matter jurisdiction to make rulings in the December 2011 adversarial proceeding, the Lyons quote two of Judge Starzynski's statements made at the January 23, 2012 hearing:

> I have no authority to change anything that's been done over in state district court in front Judge Vanzi, in front of the Court of Appeals, in front of the New Mexico Supreme Court.
> . . . .
> [W]ith respect to an injunction having to do with anything going on **outside** this court, . . . I think . . . there may be some question as to the extent of my jurisdiction.

Doc. 45 at 5 (quoting the transcript of the January 23, 2012 hearing, found at Doc. 27, pp. 70 and 82). Both quotes are taken out of context. Judge Starzynski's first comment about his lack of authority was clearly related to the Lyons' complaints at the hearing that the state courts had refused to permit the Lyons to obtain all of Aguilar's files regarding their case after he withdrew from representing them in the 2004-2006 state-court proceedings. *See* Doc. 27 at 69-70. As the Plaintiffs have conceded, the Bankruptcy Court initially had subject-matter "jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157" because it was a "core proceeding . . . invok[ing] substantive rights provided by the Bankruptcy Code." ROA Doc. 26 at 148 (Plaintiffs' response to the motion to dismiss in the Bankruptcy Court).

Judge Starzynski's comment regarding authority to impose filing restrictions related only to his absence of authority to impose such restrictions in any court **other than** the Bankruptcy Court.

The Lyons additionally briefly seek to challenge the rulings made in case number 08cv1114, contending that this Court "did not have subject-matter jurisdiction" over their claims for an undescribed reason. *See* Doc. 45 at 19. But that case has been affirmed in the Tenth Circuit and further appellate review has been denied, and they cannot collaterally challenge those rulings in this appeal. The Lyons' argument that they have never had a fair opportunity to litigate their fraudulent-concealment claim is also without merit. Plaintiffs never sought to amend their Complaint in case No. 08-1114 to add a fraudulent-concealment claim related to the discovery of the July 2006 research memo, which they could have done.

> Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action. To apply the doctrine of res judicata, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.

*Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (internal quotation marks and citations omitted). Clearly, all three elements exist in this case because there was a final judgment in case No. 08cv1114; the parties are the same; and the identity of the cause of action is the same. As Judge Starzynski explained,

> Plaintiffs' main claim is that they discovered the smoking gun in February 1, 2010. Defendant filed the summary judgment motions [in case No. 08cv1114] in June, 2010. If the evidence was as probative as Plaintiffs claim, it should have been presented to the District Court before judgment was entered against them. If it was presented, the Court ruled against them.

Doc. 1 at 45. Finally, the Lyons seek to argue the merits of their second adversary complaint in regard to Aguilar's filing of an Attorney Charging Lien, *see id.* at 20-23, notwithstanding the Tenth Circuit's ruling that the statute of repose now bars the filing of **any** complaint in the Bankruptcy Court proceedings, no matter how valid its merits may be, against Aguilar or his lawfirm.

In short, the Lyons have failed to give any valid reason for reversing Judge Starzynski's decision to dismiss their Second Adversary proceeding against Aguilar. My de novo review compels the conclusion that it was properly dismissed.

### B. The Court will impose filing restrictions.

The Court concludes that, because the Lyons have had a full and fair opportunity to litigate their claims against Aguilar and his lawfirm both in this Court and in its Bankruptcy division, and because they ignored this Court's and the Tenth Circuit's instruction that it was too late to file any other claims against Aguilar in the Bankruptcy Court, the Court should grant the Defendants' request that the Court enter an order prohibiting the Lyons from filing future lawsuits against Mr.

Aguilar or his lawfirm related in any way to his 2004-2008 representation of the Lyons. *See Tripati v. Beaman,* 878 F.2d 351 (10th Cir. 1989) (court has power under 28 U.S.C. § 1651(a) "to enjoin litigants who abuse the court system by harassing their opponents"); *Sieverding v. Colo. Bar Ass'n*. 469 F.3d 1340, 1343 (10th Cir. 2006) (setting forth limitations on filing restrictions).

### C.  The Court will deny the motion for attorney fees.

Defendants seek an award for attorney fees and costs under Rule 8020 of the Federal Rules of Bankruptcy Procedure, which provides: "[i]f a district court ... determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after ... notice from the district court ... and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Because Rule 8020 is worded similarly to Fed. R. App. P. 38, I will apply case law interpreting Rule 38 when considering whether to impose sanctions under Rule 8020. *See* Rule 8020 advisory committee's note ("By conforming to the language of Rule 38 F.R. App. P., this rule recognizes that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals"). "An appeal is considered frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1071 (10th Cir. 2007) (internal quotation marks omitted).

Defendants contend that they are entitled to attorney fees because the appeal is frivolous. *See* Doc. 48 at 1-3. They refer to the Lyons' many filings in the 08-cv-1114 case, *see id.* at 7-10, but I note that this Court refused to award attorney fees to Aguilar in that case, concluding that "Plaintiffs' Unfair Trade Practices claim was not groundless" or frivolous. *See* No. 08cv1114, Doc. 114 at 1-2 (found in ROA Doc. 27 at 98-99). I also find that, although their legal arguments on appeal are wholly without merit, they were not "obviously" without merit to the Lyons, who raised

a recognized principle of equitable tolling that just did not apply under the circumstances of this case. I further conclude that the Lyons' repeated attempts to recover from Aguilar and his lawfirm arise not from a desire to harass or abuse as from their apparent inability to understand how their own litigation errors caused their loss of opportunity to recover from Aguilar both in this Court and in the Bankruptcy Court, and their basic misunderstanding of various principles of procedure and law. Their improper litigation cannot continue, however.

**IT IS ORDERED** that the Lyons' appeal is DISMISSED; and

**IT IS FURTHER ORDERED** that the motion for attorney fees and costs [Doc. 48] is DENIED insofar as it requests attorney fees and costs, but granted insofar as it requests filing restrictions; and that the Lyons' motion to dismiss the motion for attorney fees as untimely [Doc. 49] is DENIED;

**IT IS FURTHER ORDERED** that the Lyons may not commence any further litigation in the District of New Mexico against Aguilar or his law firm related in any way to Aguilar's prior representation of the Lyons.

SO ORDERED THIS 3rd day of September, 2013.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE